# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: S.H. & B.H.**

**No. 15-0104** (Lewis County 14-JA-10 & 14-JA-11)

**FILED**

June 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father M.H., by counsel Bryan S. Hinkle, appeals the Circuit Court of Lewis County's January 26, 2015, order terminating his parental rights to S.H. and B.H. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Kourtney A. Ryan, filed a response on behalf of the children also in support of the circuit court's order.[1] On appeal, petitioner argues that the circuit court erred in (1) denying his motion to extend his improvement period; (2) terminating his parental rights; and (3) denying post-termination visitation.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]The guardian's response to this Court, which appears to have been filed as a summary response pursuant to Rules 10(e) and 11(h) of the Rules of Appellate Procedure, fails to include a section regarding the status of the children. This information is of the utmost importance to this Court. Although the guardian's response contains portions of this information throughout, it fails to comply with our Rules. The guardian's response also fails to cite to the record on appeal or any legal authority. We refer the guardian to Rules 10(c), 10(d), 10(e), and 11(j) of the Rules of Appellate Procedure, which require briefs in abuse and neglect appeals to contain a section on the status of the children and require all respondents' briefs and summary responses to clearly exhibit appropriate citations to the record on appeal and legal authority upon which they rely. We decline to employ its use in this matter, but we caution the guardian that Rule 10(j) provides for the imposition of sanctions where a party's brief does not comport with the Rules.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

In April of 2014, the DHHR filed an abuse and neglect petition alleging that on April 8, 2014, petitioner placed the children with their mother, who had been adjudged an abusing parent and lost custody of those children in 2013 due to her manufacture of methamphetamine in their presence.[3] The petition also alleged the following: that the children's mother smoked marijuana in the children's presence on April 8, 2014, and was under the influence of methamphetamine; that petitioner provided the children's mother with methamphetamine and placed the children with her to make more methamphetamine at a different location; and that petitioner had four outstanding arrest warrants for domestic battery charges at the time of the petition's filing.

In June of 2014, the circuit court held its adjudicatory hearing. Petitioner stipulated that he placed the children with their mother on April 8, 2014, knowing that she had been adjudged an abusing parent due to substance abuse and had lost custody of them. The children's mother stipulated to using marijuana in the children's presence on April 8, 2014, and using methamphetamine the night before. The circuit court granted petitioner's motion for a post-adjudicatory improvement period. As terms and conditions of that improvement period, petitioner was ordered to participate in parenting classes, random drug screens, individual therapy, a psychological evaluation, and visitation with the children.

In December of 2014, petitioner filed a motion for an extension of his improvement period, arguing that he had substantially complied with his improvement period. The DHHR filed a notice of intent to recommend termination of petitioner's parental rights to the children based on a lack of compliance with his improvement period.

In January of 2015, the circuit court held a dispositional hearing. The DHHR presented several witnesses who testified to petitioner's failure to attend parenting classes, submit to drug screens, and attend visitation with the children regularly. According to a service provider, petitioner attended only two parenting classes between June and September of 2014, and he missed many visits with the children, some of which were for deaths in his family but five were without reasonable excuse.[4] The DHHR also called petitioner's probation officer who oversaw his probation for a domestic battery conviction during the pendency of these proceedings. According to his probation officer, petitioner failed to submit to three drug screens in October and November of 2014 and that he tested positive on three drug screens in September of 2014. His probation officer also testified that petitioner had to repeat domestic violence intervention treatment due to missed classes, and he had two pending probation revocation petitions awaiting court action. The circuit court deferred its ruling until January 14, 2015, to review the matter further.

---

[3]The children's mother relinquished her parental rights to the children voluntarily in the 2013 proceeding, and the circuit court granted petitioner custody.

[4]Petitioner and the DHHR disagree about the number of petitioner's missed visits without an excuse. Petitioner claims he missed only one visit without an excuse, as most of his missed visits were due to deaths in his family and his work schedule, but the DHHR claims he missed five visits without excuse. The testimony at the dispositional hearing established that petitioner missed five visits "without reasonable excuse," such as "oversleeping" or no excuse at all.

On January 14, 2015, the circuit court held a hearing wherein it denied petitioner's motion for an extension to his improvement period and terminated his parental rights to the children. In an order entered on January 26, 2015, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect in the near future and that termination was necessary for the children's welfare. The circuit court's order also denied petitioner's motion for post-termination visitation due to petitioner's history of missing visits with the children.[5] This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re: Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first assigns error to the circuit court's denial of his motion to extend his improvement period.[6] West Virginia Code § 49-6-12(g) provides that

> [a] court may extend any improvement period granted . . . for a period not to exceed three months when the court finds that the [parent] has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the department to permanently place the child; and that such extension is otherwise consistent with the best interest of the child.

We have also held that the word "may" is permissive and connotes discretion. *See Gebr. Eickhoff Maschinenfabrik Und Eisengieberei mbH v. Starcher*, 174 W.Va. 618, 626 n. 12, 328 S.E.2d 492, 500 n. 12 (1985) ("An elementary principle of statutory construction is that the word 'may' is inherently permissive in nature and connotes discretion." (citations omitted)). While petitioner

---

[5]The record on appeal indicates that the circuit court permitted him one final visit with the children.

[6]Petitioner contends that the circuit court erred in denying his motion to extend his improvement period and erred in terminating his parental rights in the same assignment of error. As these issues are unique grounds for review, we address them separately.

argues that he substantially complied with the terms and conditions of his improvement period, the record clearly shows that petitioner failed to attend many parenting classes; failed to attend five visits with the children without a reasonable excuse; failed to submit to three drug screens and tested positive on three separate drug screens for prescription medications without a valid prescription; and had to repeat domestic violence classes due to missed classes. Further, as noted above, whether to grant a motion for an extension of an improvement period is a matter within the sound discretion of the circuit court. The record does not reflect that petitioner substantially complied with the improvement period between June of 2014 and January of 2015, and, as the circuit court explained, an extension of his improvement period was not in the children's best interests, as the children deserve permanency. Petitioner had nine months between the filing of the current petition and disposition to demonstrate his improvement. He failed to do so. Therefore, following our thorough review of the record on appeal, we find no error in the circuit court's denial of petitioner's motion for an extension of his improvement period.

Petitioner next assigns error to the circuit court's termination of his parental rights when he substantially complied with the terms and conditions of his improvement period and the same was not in the children's best interests. As we recently held, "[i]n making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re: B.H. and S.S.*, 233 W.Va. 57, 754 S.E.2d 743 (2014). Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights when they find that there was no reasonable likelihood that a parent could substantially correct the conditions of neglect in the near future and that termination was necessary for the children's welfare. West Virginia Code § 49-6-5(b)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" In the case at bar, as explained above, several witnesses testified that petitioner failed to comply with his services and that he failed to remain drug-free. It is clear that petitioner had not substantially complied with his services, and there was no reasonable likelihood that he could substantially correct the conditions of abuse or neglect in the near future. The circuit court also correctly noted that the children's best interests were served by establishing permanency following nine months in foster care. Given the circumstances of this case, we cannot find error in the circuit court's termination of petitioner's parental rights.

Petitioner's third and final assignment of error is that the circuit court erred in denying post-termination visitation because it failed to make specific findings of fact in support of its ruling. After terminating parental rights, a circuit court may grant post-termination visitation if it considers that such a relationship is in the children's best interest and if it would not unreasonably interfere with their permanent placement. *See State ex rel. Amy M. v. Kaufman*, 196 W.Va. 251, 260, 470 S.E.2d 205, 214 (1996). Our review of the record supports the circuit court's decision to deny post-termination visitation with the children. The circuit court considered the history and circumstances of the case and the best interests of the children. Further, the circuit court made adequate findings, both at the January 14, 2015, hearing and in its written order, that its decision was due to petitioner's inconsistent visits during his improvement period, as argued by the DHHR. Based on the record on appeal, we find no error in this regard.

4

For the foregoing reasons, we find no error in the circuit court's January 26, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: June 15, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II